T.C. Memo. 2009-110

UNITED STATES TAX COURT

MARIAN L. MOLINE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 171-07L.                     Filed May 20, 2009.

Marian L. Moline, pro se.

<u>Steven M. Webster</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  This case arises from a petition for
judicial review pursuant to section 6330(d) of respondent's
determination to proceed with collection of petitioner's unpaid
Federal income taxes for 2001 by levy.  The sole issue involved
is whether respondent's determination constitutes an abuse of

discretion.  All section references are to the Internal Revenue Code in effect for 2001.

Background

At the time she filed her petition, petitioner resided in Kansas.

Petitioner failed to file Federal income tax returns for 2000 and 2001.  As a consequence, respondent prepared substitutes for returns pursuant to authority granted under section 6020(b).  On June 4, 2004, separate notices of deficiency for the 2000 and 2001 tax years were mailed to petitioner.  Petitioner sent copies of the notices of deficiency for 2000 and 2001 to the Court, each containing a handwritten notation stating:  "I hereby refute and invalidate this unsigned presentment, without dishonor.  I do not owe this money!  All rights reserved, Without Prejudice, UCC 1-207."  The Court received the documents on September 1, 2004, and the matter was assigned docket No. 16198-04.

On September 7, 2004, the Court ordered petitioner to file a proper amended petition and pay the filing fee on or before October 22, 2004.  On January 4, 2005, the Court dismissed the case for lack of jurisdiction when no response was received.

On November 7, 2005, respondent sent petitioner written notice that respondent intended to levy on petitioner's assets to collect her unpaid tax liability for 2000.  Petitioner did not respond to that notice.

On April 5, 2006, respondent sent petitioner written notice that respondent intended to levy on petitioner's assets to collect her unpaid tax liability for 2001.  In response, petitioner timely filed Form 12153, Request for a Collection Due Process Hearing (section 6330 hearing).  On this form petitioner wrote:

> -This process is not legal according to the highest law of the land!

> -You have no legal authority to levy/seizure.

Attached to petitioner's request for a hearing were two printed form documents, one indicating that petitioner was not a resident of the United States, but rather was a resident of one of the 50 republic sovereign States, and the other demanding identification information of respondent's representative who issued the notice of intent to levy, as well as copies of his driver's license, Social Security card, and IRS identification card.

The case was assigned to Settlement Officer Bart Hill of respondent's Appeals Office.  On October 12, 2006, Settlement Officer Hill sent petitioner a letter scheduling a telephone section 6330 hearing with petitioner on November 15, 2006, at 1 p.m. central standard time.  The letter informed petitioner that the issues she raised "are those that Courts have determined are frivolous or Appeals does not consider."  Respondent advised petitioner she was not entitled to a face-to-face hearing as to the positions set forth in her request for a section 6330 hearing

because they were frivolous. However, she was advised that she would be allowed a face-to-face conference with respect to any nonfrivolous issue. Petitioner was informed that she had to set forth the nonfrivolous issue in writing or call Settlement Officer Hill within 14 days from the date of the letter to qualify for a face-to-face conference. Petitioner was also informed that if she wished to discuss collection alternatives to the intended levy, such as an installment agreement or an offer-in-compromise, she had to (1) submit certain documents to Settlement Officer Hill, such as Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (2) file as yet unfiled Federal income tax returns for 2003, 2004, and 2005, and (3) submit proof that all required estimated tax payments had been fully paid. Finally, petitioner was informed that she was not entitled to a section 6330 hearing regarding the intended levy with respect to tax year 2000 but that she could have a hearing equivalent to a section 6330 hearing with respect to that matter.

Petitioner faxed a 12-page response to Settlement Officer Hill. Petitioner raised numerous frivolous arguments including (1) that she was a resident of a State and not of the United States and (2) that the Supreme Court in Pollock v. Farmers' Loan & Trust Co., 158 U.S. 601 (1895), held that the income tax was

unconstitutional.  At trial petitioner disavowed all of the arguments set forth in her fax.

During the November 15, 2006, telephone hearing, petitioner continued to assert frivolous arguments.  She did not propose any collection alternatives (i.e., an offer-in-compromise or an installment agreement).  On November 30, 2006, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  In the notice of determination, respondent sustained the proposed levy and rejected petitioner's arguments.  An attachment to the notice of determination (written by Settlement Officer Hill) noted that petitioner did not offer any collection alternatives, that Settlement Officer Hill reviewed the administrative file transcripts and verified that the requirements of all applicable law and administrative procedures were met, and that the proposed levy action with respect to the collection of petitioner's unpaid Federal income tax for 2001 appropriately balanced the need for efficient collection of the taxes with the legitimate concerns of the taxpayer that the collection action be no more intrusive than necessary.

On January 3, 2007, petitioner filed a petition in this Court to review respondent's intended collection action.[1]

_____

[1]Petitioner also requested the Court to review respondent's determination to proceed with collection of petitioner's unpaid
(continued...)

## Discussion

### A. Standard of Review

This case involves a review of respondent's determination to proceed with collection of petitioner's unpaid Federal income tax, penalties, and interest for 2001 by way of levy. Section 6330 hearings concerning levies are conducted in accordance with section 6330(c). After the Commissioner issues his notice of determination following an administrative hearing, a taxpayer has the right to petition this Court for judicial review of the Commissioner's determination. Sec. 6330(d)(1). Our review of the Commissioner's determination is subject to the provisions of section 6330.

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability if he/she received a notice of deficiency for the tax year in question or otherwise had an opportunity to dispute the underlying tax liability. Sec. 6330(c)(2)(B). In such a case, we review the Commissioner's determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176 (2000). An abuse of discretion is defined as any action that is

<hr>

[1](...continued)
Federal income taxes for 2000 as set forth in respondent's decision letter. The Court's copy of respondent's decision letter is undated. By Order dated Apr. 27, 2007, the Court dismissed tax year 2000 from consideration of this case and struck all references to that year from the petition.

unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in fact or law. Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner was issued a notice of deficiency for 2001, which she received. She did not file a proper petition in this Court and did not pay the required filing fee. Petitioner was given an opportunity to file a proper amended petition and pay the required filing fee, but she failed to do so and her suit at docket No. 16198-04 was dismissed. Petitioner is therefore not entitled to raise her underlying tax liability for 2001, and we review respondent's proposed collection action for abuse of discretion.

B. Petitioner's Request for a Face-to-Face Section 6330 Hearing

Petitioner's main argument is that her section 6330 hearing was invalid and unlawful because it was held by way of a teleconference and not a face-to-face conference.

Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Section 6330 hearings have historically been informal. Davis v. Commissioner, 115 T.C. 35, 41 (2000). We have held that it is not an abuse of

discretion if an Appeals officer denies a taxpayer's request for a face-to-face section 6330 hearing after determining that the hearing would not be productive because of the taxpayer's frivolous or groundless arguments.  See Summers v. Commissioner, T.C. Memo. 2006-219; Ho v. Commissioner, T.C. Memo. 2006-41.  Moreover, we have held it is not an abuse of discretion to proceed with collection where the taxpayer has not filed all required tax returns for prior years.  See Summers v. Commissioner, supra; Collier v. Commissioner, T.C. Memo. 2004-171.

The record demonstrates that a face-to-face conference would not have been productive.  Petitioner's meeting request contained only arguments challenging the legality of the tax law itself, arguments that we have long considered frivolous.  Respondent granted petitioner a telephone conference and informed her that she could still qualify for a face-to-face conference if she would first identify any relevant nonfrivolous matter she intended to discuss.  Despite being given this second opportunity, petitioner presented no such matter.  Instead, petitioner replied with arguments regarding how she was not subject to Federal income tax and that the income tax was unconstitutional.  Furthermore, petitioner did not file her unfiled income tax returns for 2003-05.  Under these circumstances, it was not an abuse of discretion for Settlement

Officer Hill to conclude that a face-to-face meeting would not have been productive. Thus, Settlement Officer Hill was not required to offer petitioner a face-to-face conference. See Clark v. Commissioner, T.C. Memo. 2008-155; Summers v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183 (2001).

On December 27, 2006, nearly 1 month after respondent issued the notice of determination, petitioner wrote Settlement Officer Hill stating: "If any of my correspondence contains frivolous arguments, I now withdraw them." Petitioner submitted a new Form 12153 to respondent and requested a face-to-face section 6330 hearing. Petitioner maintains that on the basis of her submission of this second Form 12153, respondent's notice of determination is no longer material and/or relevant. Consequently, petitioner posits that (1) the notice of determination, dated November 30, 2006, should be considered nullified, (2) she be given an opportunity for a face-to-face section 6330 hearing, and (3) a new notice of determination should be issued.

Petitioner cannot undo that which has occurred. Her position change, assuming there truly is a position change, is too late to alter the disposition of this case. When making his determination, respondent could only review the existing facts and those arguments advanced. On the basis of petitioner's

submissions during the hearing provided by section 6330, we hold that respondent did not abuse his discretion in (1) refusing to offer petitioner a face-to-face hearing, and (2) sustaining the proposed levy collection.

C. Other Matters Petitioner Raised

Petitioner argues that the tax liability respondent determined for 2001 is grossly overstated, and she requests that we redetermine the amount she owes. We cannot accede to petitioner's request. See sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. at 610. Petitioner received a notice of deficiency for 2001, and she had an opportunity to contest respondent's determination before this Court. Petitioner failed to properly do so.

We have considered all of petitioner's arguments and to the extent not discussed herein, we find them to be groundless and/or without merit.

To reflect the foregoing,

Decision will be entered for respondent.