T.C. Memo. 2009-181

UNITED STATES TAX COURT

BYRON REYNOLDS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9061-07L.            Filed August 10, 2009.

Byron Reynolds, pro se.

Michael Thomas Garrett, for respondent.

MEMORANDUM OPINION

MARVEL, Judge:  This case is before the Court on
respondent's motion for summary judgment under Rule 121[1] and to
impose penalties under section 6673.  The petition was filed in

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code, as amended, unless otherwise indicated.

response to respondent's Notice of Determination Concerning Collection Action(s) Under Section 6330 (notice of determination) with respect to petitioner's income tax liabilities for 1998, 1999, 2001, 2002, and 2003.

## Background

Petitioner, who resided in California when he filed his petition, failed to file Federal income tax returns from 1998 through 2003.[2]

On September 5, 2003, respondent prepared substitutes for returns (SFRs) for petitioner for taxable years 1998, 1999, and 2001 pursuant to section 6020(b). On January 21, 2004, respondent mailed statutory notices of deficiency for 1998, 1999, and 2001 to petitioner's last known address in California. In the notices respondent determined income tax deficiencies and additions as follows:

|      |            | Additions to tax |              |
| Year | Deficiency | Sec. 6651(a)(1) and (2) | Sec. 6654(a) |
|------|------------|-------------------------|--------------|
| 1998 | $14,297.40 | $3,256.32 | $345.72 |
| 1999 | 13,154.10 | 4,695.22 | 582.64 |
| 2001 | 27,818.00 | 8,623.58 | 1,100.84 |

On April 20, 2004, petitioner mailed a one-page handwritten letter to the Court in which he specifically referred to the notices and denied that he owed any Federal income tax liability

---

[2]Petitioner is a habitual nonfiler who has not filed Federal income tax returns for many years, continuing to at least as recently as 2007.

for any year.  We accepted the letter as petitioner's timely but imperfect petition.  We ordered petitioner to file an amended petition and pay the $60 filing fee on or before June 17, 2004.[3] Petitioner failed to respond to the order, and on August 6, 2004, we dismissed the case for lack of jurisdiction. On November 29, 2004, respondent assessed the income tax deficiencies, additions to tax, and interest for 1998, 1999, and 2001.[4]

On December 2, 2004, respondent prepared an SFR for petitioner for 2002 under section 6020(b).  On March 8, 2005, respondent mailed a statutory notice of deficiency to petitioner at his last known address.  Petitioner failed to petition this Court, and on August 15, 2005, respondent assessed an income tax deficiency of $18,620, additions to tax under section 6651(a)(1) and (2) of $6,796.30, an addition to tax under section 6654(a) of $622.22, and interest for 2002.

On March 18, 2005, respondent prepared an SFR for petitioner for 2003 under section 6020(b).  On June 21, 2005, respondent mailed a statutory notice of deficiency to petitioner at his last

---

[3]Petitioner's petition stated, in its entirety:  "I hereby petition you about the IRS's deficiency 'determinations' that I owe income tax and penalties for the years 1998, 1999 and 2001. I want to have a trial because I do not owe any amount to the IRS for any year.  The IRS is three times wrong."

[4]Respondent later assessed additional amounts for failure to pay tax after Nov. 29, 2004.

known address.  Petitioner again failed to petition this Court, and on January 9, 2006, respondent assessed an income tax deficiency of $18,931, additions to tax under section 6651(a)(1) and (2) of $6,247.23, an addition to tax under section 6654(a) of $488.48, and interest for 2003.[5]

On June 14, 2006, respondent mailed petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing for 1998, 1999, 2001, 2002, and 2003.  According to the notice, petitioner's total balance for 1998, 1999, 2001, 2002, and 2003 was $151,547.19.  Petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing (section 6330 hearing).  Petitioner's request stated, in its entirety:

> I am requesting for a [sic] Face-to-Face Collection Due
> Process Hearing in an Appeals office closest to my
> place of residence.  This is also to inform you that I
> will be audio recording this hearing.  One of the
> issues we will address is if the IRS follows proper
> procedure (sic).  If the IRS has considered any of my
> prior issues that I've raised in the past to be
> frivolous, I hereby renounce them.

---

[5]On Jan. 5, 2006, respondent mailed Letter 2800C, popularly known as a "lock-in letter", to petitioner's employer, directing the employer to disregard the marital status and withholding allowances shown on petitioner's Form W-4, Employee's Withholding Allowance Certificate, and instead withhold Federal income tax from petitioner's wages using a marital status of single and zero withholding allowances.  Petitioner filed a petition with this Court at docket No. 6814-07 seeking to have respondent enjoined from changing petitioner's withholding allowances and ordered to repay any wages withheld as a result of the changes.  However, this Court dismissed the petition for lack of subject matter jurisdiction on the grounds that the lock-in letter was neither a collection action nor a notice of determination within the meaning of sec. 6320 or 6330.

On September 1, 2006, respondent's Appeals Office received the case. On October 26, 2006, Settlement Officer Wendy J. Clinger (Ms. Clinger) informed petitioner that the only issue raised in his request for a section 6330 hearing--i.e., whether the Internal Revenue Service (IRS) follows proper procedures--was frivolous and would not be considered. Ms. Clinger also advised petitioner that he could not dispute his underlying liabilities because he had had an earlier opportunity to do so. Ms. Clinger further advised petitioner he would not be allowed a face-to-face conference with Appeals unless he could provide a nonfrivolous issue in writing within 14 days from the date of the letter.[6] Ms. Clinger's letter requested that petitioner provide certain financial information, including a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and file his 2004 and 2005 Federal income tax returns. Ms. Clinger scheduled a telephone conference for 1:30 p.m. on November 21, 2006, to discuss the case with petitioner.

On November 8, 2006, petitioner mailed Ms. Clinger a letter stating that he could not participate in the telephone conference on November 21, 2006, and demanding a face-to-face conference. Petitioner denied that the issue raised in his request for a

---

[6]Ms. Clinger's letter listed several examples of nonfrivolous issues, including collection alternatives to levy, challenges to the appropriateness of collection action, and spousal defenses.

section 6330 hearing was frivolous and asserted that he had no intention of raising frivolous issues at the hearing, but he failed to identify the issues he planned to discuss. Petitioner also demanded to see all information respondent had used to calculate his Federal income tax liability, denied he had had a prior opportunity to challenge the liabilities, and accused respondent of using a "canned letter" to "railroad" him. Petitioner did not provide the requested financial information, nor did he file his 2004 or 2005 Federal income tax return.

Over the next several months Ms. Clinger and petitioner continued to exchange correspondence. Ms. Clinger offered petitioner several telephone conferences and advised him that she would allow him a face-to-face section 6330 hearing if he could identify a nonfrivolous issue for her to consider. Ms. Clinger maintained that petitioner could not use the section 6330 hearing to challenge the underlying tax liabilities because petitioner had already had an opportunity to contest them. Ms. Clinger noted that petitioner had filed a petition with the Tax Court for 1998, 1999, and 2001 but his case was dismissed because of his failure to timely file an amended petition and pay the filing fee. Ms. Clinger also noted that according to Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, respondent had issued notices of deficiency to

petitioner for 2002 and 2003, and petitioner had failed to timely file a petition for either year.

Petitioner insisted his issues were not frivolous, and he continued to demand a face-to-face hearing. However, petitioner failed to articulate any particular issue he wished to discuss at the section 6330 hearing. Petitioner denied that he had previously filed a petition with respect to 1998, 1999, and 2001 and suggested respondent had mistaken him "for another Byron Reynolds which may be active in your system."[7]

Although petitioner was not allowed a face-to-face hearing and declined to participate in any of the proposed telephone conferences, Ms. Clinger regarded the exchange of letters as a correspondence hearing. Accordingly, on March 27, 2007, the Appeals Office mailed petitioner a notice of determination in which the Appeals Office concluded that levy action under section 6330 was an appropriate collection action.[8]

On April 20, 2007, petitioner mailed a one-page letter to this Court seeking "assistance regarding a Notice of Determination I received from the Internal Revenue Service for

---

[7]The petition in the earlier case included petitioner's name, home address, and Social Security number.

[8]In the notice of determination respondent's Appeals Office concluded that even if petitioner had responded to Appeals' request for financial information, no collection alternatives could have been considered because of petitioner's continuing failure to file Federal income tax returns.

the tax year [sic] 1998, 1999, 2001, 2002, and 2003." We accepted the letter as petitioner's timely filed petition but ordered petitioner to file a proper amended petition and pay the $60 filing fee on or before June 11, 2007.

On June 18, 2007, this Court received petitioner's amended petition with attached "beliefs of entitlement", in which he argued that respondent's SFR procedures under section 6020(b) are invalid and that signing and filing respondent's Form 1040, U.S. Individual Income Tax Return, would require petitioner to commit perjury.[9] Accordingly, petitioner requested that we abate "all assessed or imposed penalties, interest, taxes and Federal Tax Lien(s)". On August 11, 2007, petitioner mailed to respondent's Office of Chief Counsel a document titled "Consolidation of Defenses in Motion" in which he moved that this Court dismiss the instant case for lack of subject matter jurisdiction. As this document was never filed with the Court, we declined to consider it.

On August 11, 2008, respondent filed a motion for summary judgment and to impose a penalty under section 6673. The Court ordered petitioner to respond by September 5, 2008, but petitioner failed to file a response.

---

[9]It is unclear from the record when petitioner mailed the amended petition. In any event, respondent has not challenged the timeliness of petitioner's amended petition.

## Discussion

I.   <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988).

The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact, and all facts are viewed in the light most favorable to the nonmoving party.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985). However, the nonmoving party may not rest on mere allegations or denials of the moving party's pleadings; rather, the nonmoving party must set forth specific facts showing there is a genuine issue for trial.  Rule 121(d); <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 820-821.

II.  <u>Section 6330</u>

Section 6330(a) provides that no levy may be made on any property unless the Secretary has first notified the taxpayer in writing of his right to a section 6330 hearing.  If the taxpayer properly requests a hearing under section 6330(a), the taxpayer is entitled to a hearing before an impartial officer of the IRS's Appeals Office.  Sec. 6330(b).  At the hearing, the taxpayer may raise any relevant issue related to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may also challenge the underlying tax liability, but only if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Following the hearing, the hearing officer must determine whether the proposed collection action should proceed.  In making the determination the hearing officer shall take into consideration:  (1) Whether the requirements of all applicable laws and administrative procedures have been satisfied; (2) any relevant issues raised by the taxpayer during the section 6330 hearing; and (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's

legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

In determining whether all applicable laws and administrative procedures have been followed, a hearing officer is not required to rely on any particular document.  Craig v. Commissioner, 119 T.C. 252, 261-262 (2002).  However, a Form 4340 is "a valid verification that the requirements of any applicable law or administrative procedure have been met".  Id. at 262. Stated differently, a Form 4340 is presumptive proof, absent any showing of an irregularity, that a tax has been validly assessed under section 6203.  See, e.g., Schwersensky v. Commissioner, T.C. Memo. 2006-178.  We have held it is not an abuse of discretion for an Appeals officer to rely on a Form 4340.  Davis v. Commissioner, 115 T.C. 35, 40-41 (2000).

In evaluating a taxpayer's arguments, a hearing officer is not required to consider irrelevant or frivolous arguments. Thus, it is not an abuse of discretion for an Appeals officer to deny a taxpayer's request for a face-to-face section 6330 hearing where the taxpayer has raised only frivolous or groundless arguments.  Moline v. Commissioner, T.C. Memo. 2009-110; Summers v. Commissioner, T.C. Memo. 2006-219.

This Court has jurisdiction to review the Appeals officer's determination.  Sec. 6330(d)(1).  Where the taxpayer's underlying liability was not properly at issue in the hearing, we review the

determination for an abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  An Appeals officer's determination will not be an abuse of discretion unless the determination is arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Freije v. Commissioner, 125 T.C. 14, 23 (2005).  In reviewing the Appeals officer's determination, this Court ordinarily considers only those issues that the taxpayer raised at the hearing.  Giamelli v. Commissioner, supra at 113.

Petitioner had a prior opportunity to challenge his underlying liability for each of the taxable years at issue.  For 1998, 1999, and 2001, petitioner filed a petition with the Court, but his case was dismissed when he failed to file an amended petition or pay the filing fee.  For 2002 the record contains a copy of petitioner's Form 4340 showing that respondent issued a notice of deficiency on March 8, 2005.  Petitioner does not assert any irregularity in the form.  For 2003 the record contains a copy of the notice of deficiency that was mailed to petitioner on June 21, 2005.  Although petitioner generally states that he cannot recall receiving any of the notices of deficiency, petitioner does not deny he received the notices; and he has not asserted any argument or offered any documentation to convince us that there is a genuine issue of material fact regarding the validity or receipt of the notices for any of the

years that would preclude us from granting respondent's motion for summary judgment.[10]  Accordingly, we hold that respondent properly determined that petitioner was not entitled to challenge his underlying tax liabilities during the section 6330 hearing, and we will review respondent's determination for abuse of discretion.  In doing so, we will limit our review to the issues petitioner raised at the section 6330 hearing.

III. Abuse of Discretion Review

Ms. Clinger reviewed petitioner's Forms 4340 for 1998, 1999, 2001, 2002, and 2003 and determined that all legal requirements and administrative procedures had been satisfied.  Ms. Clinger also verified that a notice and demand for payment was mailed to petitioner within 60 days of the assessment for each taxable year, as required by section 6303(a).

The only argument petitioner raised throughout the hearing process was that respondent did not follow proper procedures. Given the general nature of petitioner's argument, petitioner's failure to articulate which procedures respondent neglected to follow, and petitioner's status as a habitual nonfiler, Ms. Clinger reasonably concluded that petitioner's argument was

---

[10]We would reach the same conclusion even if petitioner had established that he did not actually receive one or more of the notices of deficiency.  This is because the validity of a notice of deficiency does not depend on the taxpayer's actual receipt of notice.  Rather, an otherwise sufficient notice of the deficiency is valid so long as it is mailed to the taxpayer's last known address.  Sec. 6212(b).

frivolous and irrelevant. As discussed above, Ms. Clinger diligently verified that respondent had in fact followed all applicable laws and administrative procedures.

The record also establishes that, as required by section 6330(c), in making its determination the Appeals Office properly balanced the need for the efficient collection of tax with petitioner's legitimate concern that collection be no more intrusive than necessary. During the section 6330 hearing, petitioner failed to provide requested financial information, failed to file his 2004 or 2005 Federal income tax return, and failed to identify any reason it would be unfair or intrusive to proceed with the collection action. On this record, we can identify no disputed material fact or legal reason that would preclude us from granting respondent's motion for summary judgment.

IV. Petitioner's Arguments

Petitioner failed to identify any nonfrivolous argument despite requests that he do so. The only argument he appears to have raised in his amended petition is a general assertion that he owes no taxes. We need not consider petitioner's assertion that he owes no taxes and that interest should be abated because he was precluded by section 6330(c)(2)(B) from contesting the underlying liabilities at the section 6330 hearing, and he does not assert that he made an interest abatement request during the

hearing process.  See sec. 6404(h); <u>Giamelli v. Commissioner</u>, <u>supra</u> at 113.

## V.   Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty, not to exceed $25,000, whenever the taxpayer's position is frivolous or groundless, the taxpayer unreasonably failed to pursue administrative remedies, or it appears that proceedings before this Court have been instituted primarily for delay.  The section 6673 penalty applies to proceedings filed under section 6330(d).  See <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000).

It is within our discretion whether to impose the section 6673 penalty.  We have often imposed the penalty in cases where, for example, taxpayers have presented arguments in administrative and judicial proceedings despite being warned such arguments were frivolous.  See <u>Burke v. Commissioner</u>, 124 T.C. 189, 197 (2005); <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2009-92; <u>Ioane v. Commissioner</u>, T.C. Memo. 2009-68 ($10,000 penalty imposed where taxpayer was warned months before trial that his frivolous arguments, lack of candor, and failure to cooperate in the stipulation process could result in imposition of the section 6673 penalty).  But see <u>Lizalek v. Commissioner</u>, T.C. Memo. 2009-122 (declining to impose the section 6673 penalty where the taxpayer raised frivolous arguments for the first time in Federal court).

Petitioner's dealings with respondent's Appeals Office were characterized by a lack of cooperation and several frivolous and groundless assertions.  On the other hand, we recognize that petitioner has encountered financial problems in recent years that have made it difficult for him to pay his mortgage and meet his child support obligations.  We also recognize that petitioner, by his own admission, is unsophisticated in tax matters and may have unwisely relied on a paralegal to assist him with his case.  Perhaps most importantly, we note that petitioner has expressed a desire to cooperate with respondent in the future to resolve his tax problems.  After taking all of this into account, and in the exercise of our discretion, we decline to impose any penalty under section 6673.  We warn petitioner, however, that the unsupported arguments he raised during his correspondence hearing and before this Court are frivolous, and this Court may impose a sanction of up to $25,000 if petitioner continues to advance such arguments in subsequent proceedings before this Court.

We conclude on the record before us that there is no genuine issue of material fact requiring a trial, and respondent is entitled to a decision as a matter of law.  We sustain respondent's determination to proceed with collection of petitioner's 1998, 1999, 2001, 2002, and 2003 Federal income tax liabilities.

We have considered the parties' remaining arguments and to the extent not discussed above, consider those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.