T.C. Memo. 2009-236

UNITED STATES TAX COURT

LOUIE ELIAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5988-07L.                    Filed October 15, 2009.

Louie Elias, pro se.

<u>Linette B. Angelastro</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment.

Petitioner filed a petition in response to respondent's Notice of Determination Concerning Collection Actions(s) Under

Section 6320 and/or 6330[1] with respect to petitioner's income tax liabilities for taxable years 2002, 2003, and 2004.

We conclude that there is no genuine issue as to any material fact and respondent is entitled to a decision as a matter of law.

## Background

Petitioner did not file income tax returns for taxable years 2002 and 2003. Respondent issued a notice of deficiency on April 5, 2005, for taxable year 2002. Respondent determined a deficiency in petitioner's Federal income tax of $8,719 and penalties of $2,879.03. Petitioner did not petition the Court.

Respondent issued petitioner a notice of deficiency for taxable year 2003. Petitioner did not petition the Court.

For taxable year 2004 petitioner filed a return showing a balance due that he left unpaid. The tax of $8,906 reported as due was assessed by the IRS on June 20, 2005.

On July 26, 2006, the IRS issued petitioner a Final Notice-- Notice of Intent to Levy and Notice of Your Right to a Hearing regarding his outstanding 2002, 2003, and 2004 income tax liabilities. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. In his request petitioner argued that he was not a taxpayer and stated that he did not have

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

any tax liabilities, using arguments the Court has previously found to be frivolous.

Petitioner's collection due process case was assigned to Settlement Officer M. Sophie Tittle (Ms. Tittle). Ms. Tittle scheduled a telephone conference with petitioner for January 9, 2007. In a letter to petitioner, Ms. Tittle explained that only nonfrivolous arguments would be discussed and that if petitioner wanted a face-to-face meeting, he had to submit in writing a nonfrivolous issue. Petitioner sent Ms. Tittle a letter requesting her to cancel his scheduled telephone hearing. Ms. Tittle did as petitioner requested and informed petitioner that he would have a correspondence hearing based on his current administrative file if she did not hear from him or receive additional information by January 12, 2007.

On December 18, 2006, and January 3, 2007, Ms. Tittle received letters from petitioner requesting a face-to-face hearing. Neither letter raised a nonfrivolous issue. On February 9, 2007, the IRS issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the notice of intent to levy.

Petitioner timely petitioned this Court on March 12, 2007. On July 31, 2007, all proceedings were stayed after this Court received notice that petitioner had filed a proceeding in bankruptcy. Petitioner's bankruptcy case was dismissed and the

stay was lifted on October 19, 2007.  On June 6, 2008, all proceedings were stayed again after this Court received notice that petitioner had filed a proceeding in bankruptcy. Petitioner's bankruptcy case was dismissed and the stay was lifted on October 2, 2008.  On December 2, 2008, respondent's motion for summary judgment was heard.  Petitioner did not appear at the hearing.

Discussion

I.  Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).

The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact, and all facts are viewed in the light most favorable to the nonmoving party.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

However, the nonmoving party may not rest on the mere allegations or denials of the moving party's pleadings; rather, the nonmoving party must set forth specific facts showing there is a genuine issue for trial.  Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II.  Section 6330

Section 6330(a) provides that no levy may be made on any property of a taxpayer unless the Secretary has first notified the taxpayer in writing of his right to a section 6330 hearing.  If the taxpayer properly requests a hearing under section 6330(a), the taxpayer is entitled to a hearing before an impartial officer of the IRS Appeals Office.  Sec. 6330(b).  At the hearing, the taxpayer may raise any relevant issue related to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may also challenge the underlying tax liability, but only if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Following the hearing, the hearing officer must determine whether the proposed collection action should proceed.  In making the determination the hearing officer shall take into consideration:  (1) Whether the requirements of all applicable

laws and administrative procedures have been satisfied; (2) any relevant issues raised by the taxpayer during the section 6330 hearing; and (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

In determining whether all applicable laws and administrative procedures have been followed, a hearing officer is not required to rely on any particular document.  Craig v. Commissioner, 119 T.C. 252, 261-262 (2002).

In evaluating a taxpayer's arguments, a hearing officer is not required to consider irrelevant or frivolous arguments. Thus, it is not an abuse of discretion for an Appeals officer to deny a taxpayer's request for a face-to-face section 6330 hearing where the taxpayer has raised only frivolous or groundless arguments.  Moline v. Commissioner, T.C. Memo. 2009-110; Summers v. Commissioner, T.C. Memo. 2006-219.

This Court has jurisdiction to review the Appeals officer's determination.  Sec. 6330(d)(1).  Where the taxpayer's underlying liability was not properly at issue in the hearing, we review the determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  An Appeals officer's determination will not be an abuse of discretion unless the determination is arbitrary, capricious,

or without sound basis in fact or law.  <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007); <u>Freije v. Commissioner</u>, 125 T.C. 14, 23 (2005).

For taxable years 2002 and 2003 respondent issued petitioner notices of deficiency and petitioner did not file a petition with the Court.  Thus, petitioner, if he received the notices, cannot challenge his underlying liability for those years.  For taxable year 2004 respondent did not issue a notice of deficiency but assessed the tax reported as due on petitioner's return.

Ms. Tittle verified that respondent followed all applicable laws and administrative procedures.  The record establishes that, as required by section 6330(c), in making its determination the Appeals Office properly balanced the need for the efficient collection of tax with petitioner's legitimate concern that collection be no more intrusive than necessary.  During petitioner's correspondence with Ms. Tittle he failed to raise nonfrivolous arguments, failed to provide additional information, and canceled his scheduled telephone hearing, insisting that he be provided a face-to-face hearing.  Petitioner did not show why it would be unfair or unduly intrusive to proceed with the collection action.

III.  <u>Petitioner's Arguments</u>

Petitioner failed to identify any nonfrivolous argument despite repeated requests that he do so.  Petitioner repeatedly

insisted that Ms. Tittle grant his request for a face-to-face hearing.  As stated above, it is not an abuse of discretion to deny petitioner a face-to-face hearing because he has raised only frivolous and groundless arguments.  See <u>Moline v. Commissioner</u>, <u>supra</u>.

We conclude on the record before us that there is no genuine issue of material fact requiring a trial and respondent is entitled to a decision as a matter of law.  We sustain respondent's determination to proceed with collection of petitioner's 2002, 2003, and 2004 Federal income tax liabilities.

In reaching our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

We take this opportunity to warn petitioner that the Court will impose a penalty pursuant to section 6673 if he returns to the Court and proceeds in a similar fashion in the future.

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered</u>
<u>for respondent</u>.