T.C. Memo. 2010-253

UNITED STATES TAX COURT

JAMES ZIGMONT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8388-07L.                    Filed November 18, 2010.

    P filed a petition for judicial review pursuant to sec.
6330(d)(1)(A), I.R.C., in response to determinations by R
that lien and levy action was appropriate.

    <u>Held</u>:  R's determination to maintain the lien and
levy to protect the Government's interest does not
constitute an abuse of discretion.  R's determination
to proceed with collection action is sustained.

James Zigmont, pro se.

<u>Denise A. Diloreto</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for judicial review of Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notices of determination).[1]  Petitioner, James Zigmont, seeks judicial review of respondent's determination to proceed with a filed lien and a proposed levy with respect to petitioner's tax liabilities for taxable years 2002 and 2003.[2]  The sole issue for decision is whether respondent's determination to proceed with a filed lien and a proposed levy for collection of unpaid tax liabilities constitutes an abuse of discretion.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

[2]Petitioner contests respondent's determination to proceed with collection action regarding an assessment of alleged income tax liabilities for the 2002 and 2003 tax years, as well as a $500 penalty for filing a frivolous tax return for each of petitioner's Forms 1040, U.S. Individual Income Tax Return, for the 2002 and 2003 tax years.  Petitioner's original petition for review, filed Apr. 12, 2007, referred to respondent's determination to proceed with collection action regarding an assessment of a $500 penalty for filing a frivolous tax return for each of petitioner's Forms 1040 for the 1998 and 2001 tax years.  However, petitioner did not dispute respondent's collection action regarding the 1998 and 2001 $500 penalties on his "Amendment to Amended Petition" filed Oct. 28, 2008.  Accordingly, the frivolous return penalties assessed for the tax years 1998 and 2001 are not in issue.  See also infra note 6.

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time he filed his petition, petitioner resided in West Virginia.

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for the tax years 2002 and 2003, showing all zeros.[3]  On March 4 and 23, 2005, respondent mailed to petitioner's last known address notices of deficiency for petitioner's 2002 and 2003 tax years, respectively.  In the notices respondent alleged income tax deficiencies, a penalty, and additions to tax as follows:

|        |            | Penalty       | Additions to Tax |            |
| ------ | ---------- | ------------- | ---------------- | ---------- |
| Year   | Deficiency | Sec. 6662     | Sec. 6651(a)(1)  | Sec. 6654  |
| 2002   | $119,751   | $23,950.20    | ---              | ---        |
| 2003   | 185,482    | ---           | $46,370.50       | $4,854.05  |

---

[3]At trial the Court reserved ruling on petitioner's objection to the admission of Exhibits 15-R, 16-R, 17-R, 18-R, 19-R and 20-R, including income tax returns and deficiency notices for the tax years at issue, on the grounds that they were not properly made a part of the administrative record because there was no face-to-face hearing with respondent.  Because the Court finds that respondent was not required to offer petitioner a face-to-face hearing, the Court overrules petitioner's objection to Exhibits 15-R, 16-R, 17-R, 18-R, 19-R, and 20-R. Accordingly, Exhibits 15-R, 16-R, 17-R, 18-R, 19-R, and 20-R are admitted into evidence and confirmed as a part of the administrative record which was considered by respondent's Appeals Office.

Petitioner did not challenge the deficiency notices for the 2002 and 2003 tax years by filing a timely petition with this Court. Accordingly, on July 18 and September 5, 2005, respondent assessed the tax deficiencies, penalty, and additions to tax determined in the notices of deficiency for petitioner's 2002 and 2003 tax years, respectively.[4] Respondent also assessed a $500 penalty for filing a frivolous tax return for each of petitioner's Forms 1040 for the 2002 and 2003 tax years on January 3, 2005, and November 8, 2004, respectively.[5]

On January 11, 2006, respondent sent to petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), regarding his outstanding 2002 and 2003 income tax liabilities and frivolous return penalties. On January 24, 2006, respondent sent to petitioner Letter 3172,

_____

[4]The Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the 2003 tax year as of May 20, 2009, indicates that an assessment of $41,733.45 was made on Sept. 5, 2005, with regard to the sec. 6651(a)(1) addition to tax due for the 2003 tax year. This amount is different from the amount shown on the notice of deficiency for the 2003 tax year, issued on Mar. 23, 2005, which indicated that $46,370.50 was due as a sec. 6651(a)(1) addition to tax for the 2003 tax year.

The Form 4340 for the 2003 tax year as of May 20, 2009, also shows that a sec. 6651(a)(2) penalty of $15,765.97 was assessed on Sept. 5, 2005. Respondent has since conceded that the assessment of the sec. 6651(a)(2) penalty for the 2003 tax year was in error and will be abated.

[5]Respondent also assessed a $500 penalty for filing a frivolous tax return for each of petitioner's Forms 1040 for the 1998 and 2001 tax years on June 24, 2002, and Mar. 31, 2003, respectively.

Notice of Federal Tax Lien Filing and Your Right to Hearing Under IRC 6320 (lien notice), regarding petitioner's outstanding 2002 and 2003 income tax liabilities and additions to tax, as well as unpaid penalties for filing frivolous tax returns for the tax years 1998 and 2001 through 2003.

Petitioner timely submitted Forms 12153, Request for a Collection Due Process Hearing (CDP hearing requests), in response to the lien and levy notices.  On both his CDP hearing requests petitioner stated the following as to why he did not agree with the filing of the lien and/or proposed levy:

> I am requesting for a Collection Due Process Hearing in an Appeals office closet [sic] to my place of residence. This is also to inform you that I will be audio recording this hearing.  One of the issues we will address is if the IRS follows proper procedure [sic].  If the IRS has considered any of my prior issues that I've raised in the past to be frivolous, I hereby renounce them.

On October 18, 2006, respondent sent petitioner a letter advising petitioner, inter alia, that Settlement Officer Iris Reubel had been assigned to petitioner's collection due process case.  The October 18, 2006, letter also informed petitioner that the items he raised in his CDP hearing requests are those that "1.  Courts have determined are frivolous or groundless, or 2.  Appeals does not consider.  These are moral, religious, political, constitutional, conscientious or similar grounds." Respondent advised petitioner that he was not entitled to a face-to-face conference if he intended to raise only items that are

frivolous or groundless.  However, petitioner could still obtain a face-to-face hearing if he set forth in writing the nonfrivolous issues he wished to discuss or telephoned Settlement Officer Reubel to discuss any relevant changes he wished to make to the filings of his CDP hearing requests within 15 days from the date of the letter.  The October 18, 2006, letter also enclosed and transmitted to petitioner Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 2002 and 2003 tax liabilities.

On November 14, 2006, petitioner sent a five-page response letter to Settlement Officer Reubel, together with a two-page "Freedom Of Information Act Request".  In his letter petitioner again requested a face-to-face hearing and questioned why the issues raised in his initial CDP hearing requests were considered frivolous or groundless.  He claimed he should be able to dispute his underlying liability in a CDP hearing because he "had no prior opportunity to dispute it".  Further, although he had already received Forms 4340 for the 2002 and 2003 tax years, he requested that the Internal Revenue Service (IRS) provide "substantial proof", including copies of "original documents" and the "Administrative file", to support the alleged tax liabilities.  Petitioner also requested that his case be transferred to West Virginia.

Via letter dated December 14, 2006, Settlement Officer Reubel scheduled a telephone conference with petitioner for January 17, 2007. In her letter Settlement Officer Reubel also offered petitioner a face-to-face hearing at a location more convenient for him if he contacted her within 14 business days from the date of the letter.

On December 20, 2006, petitioner sent Settlement Officer Reubel another letter refusing to call in for the January 17, 2007, telephone conference and, inter alia, requesting Settlement Officer Reubel to "pick at least three dates in the future that you will be available to conduct my face-to-face hearing". Petitioner reiterated his desire to audio record the hearing and review "any and all documentation that you [respondent] readily have on file that supports your claim of an unpaid liability". He asserted that he still did not believe he owed "anything to the IRS for years 2002 and 2003".

On January 29, 2007, Settlement Officer Reubel sent petitioner a letter addressing some of his concerns outlined in his November 14 and December 20, 2006, letters. She warned petitioner that if he did not contact her to either provide additional information or to set up a telephone conference by February 13, 2007, she would make a determination based upon the administrative file and the information already provided. Additionally, and separate from her January 29, 2007, letter,

Settlement Officer Reubel verified that as of September 18, 2006, petitioner was not in compliance with filing requirements for the 2004 and 2005 tax years.

Petitioner did not respond to the January 29, 2007, letter. Accordingly, on March 12, 2007, respondent issued to petitioner notices of determination in which respondent sustained the proposed lien and levy actions and rejected petitioner's arguments. Attachments to the notices of determination noted that petitioner did not offer any collection alternatives. In any event, Settlement Officer Reubel would not have considered collection alternatives because she had determined that petitioner was not in compliance with the tax return filing requirements for the tax years 2004 and 2005.

The notices of determination stated that the requirements of any applicable law or administrative procedure had been met and that the proposed levy and filed lien action, with respect to the collection of petitioner's unpaid Federal income tax and frivolous return penalties for 2002 and 2003, appropriately balanced the need for efficient collection of the taxes with the legitimate concerns of the taxpayer that the collection action be no more intrusive than necessary.

On April 12, 2007, petitioner filed a petition in this Court for review of respondent's intended collection action. That

petition was amended on May 14, 2007, and amended again on
October 28, 2008.[6]

## OPINION

Section 6320(a) and (b) provides that a taxpayer shall be
notified in writing by the Secretary of the filing of a notice of
Federal tax lien and provided with an opportunity for an
administrative hearing.  An administrative hearing under section

---

[6]On Apr. 12, 2007, petitioner originally filed a petition
objecting to the notices of determination for the 2002 and 2003
tax years and a "Civil Penalty 12/98 and 12/01" issued Mar. 12,
2007, but his petition did not comply with the Rules of the Court
and he did not pay the required filing fee.  On Apr. 17, 2007,
this Court ordered petitioner to file an amended petition
complying with the Rules of the Court and either pay the required
filing fee or file an Application for Waiver of Filing Fee and
Affidavit by June 1, 2007, or risk having his case dismissed.  On
May 14, 2007, petitioner filed an amended petition objecting to a
Backup Withholding Notification issued on Jan. 1, 2007, but did
not object to respondent's proposed collection action for the
1998, 2001, 2002, or 2003 tax year.  On Sept. 29, 2008,
petitioner filed a motion to file amendment to amended petition.
The Court granted petitioner's motion on Oct. 28, 2008.
Petitioner filed an amendment to amended petition on Oct. 28,
2008, objecting to respondent's proposed collection action for
the 2002 and 2003 tax years but did not include respondent's
proposed collection action with regard to the 1998 and 2001 tax
years.  Accordingly, as stated supra, the collection action for
petitioner's 1998 and 2001 tax years is not at issue.
On May 14, 2007, petitioner also filed a motion to restrain
assessment and collection with regard to the Backup Withholding
Notification issued on Jan. 1, 2007.  Petitioner filed a
supplement to the motion to restrain assessment and collection on
June 18, 2007.  A hearing was held on Jan. 14, 2009, and the
Court denied petitioner's motion to restrain assessment and
collection on Mar. 19, 2009, pursuant to Zigmont v. Commissioner,
T.C. Memo. 2009-48.

6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c).

Section 6331(a) authorizes the Secretary to levy upon property or property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to an unpaid tax liability only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If an administrative hearing is requested in a lien or levy case, the hearing is to be conducted by the Office of Appeals (Appeals). Secs. 6320(b)(1), 6330(b)(1). At the hearing the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1).

A taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment agreement. Sec. 6330(c)(2)(A); secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. A taxpayer may also challenge the existence or amount of the underlying tax

liability, including a liability reported on the taxpayer's original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 5-6 (2004).

Following the hearing, the Appeals officer must determine whether the proposed collection action should proceed. In making the determination the Appeals officer shall take into consideration: (1) Whether the requirements of any applicable law or administrative procedure have been satisfied; (2) any relevant issues raised by the taxpayer during the section 6330 hearing; and (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

In determining whether the requirements of any applicable law or administrative procedure have been followed, an Appeals officer is not required to rely on any particular document. Craig v. Commissioner, 119 T.C. 252, 261-262 (2002). In evaluating a taxpayer's arguments, an Appeals officer is not required to consider irrelevant or frivolous arguments. Elias v. Commissioner, T.C. Memo. 2009-236.

Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Section 6330 hearings have historically been informal. Davis v. Commissioner, 115 T.C. 35, 41 (2000). We have held that it is not an abuse of discretion for an Appeals officer to deny a taxpayer's request for a face-to-face hearing where the taxpayer has raised only frivolous or groundless arguments. Elias v. Commissioner, supra; Moline v. Commissioner, T.C. Memo. 2009-110, affd. 363 Fed. Appx. 675 (10th Cir. 2010); see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

This Court has jurisdiction to review an Appeals officer's determination. Sec. 6330(d)(1). Where the taxpayer's underlying liability was not properly at issue in the hearing, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). An Appeals officer's determination will not be an abuse of discretion unless the determination is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Freije v. Commissioner, 125 T.C. 14, 23 (2005).

This Court determined at trial that petitioner received statutory notices of deficiency for the 2002 and 2003 tax years but that he did not file a petition with this Court within the allowable period of 90 days.[7] Petitioner is therefore not entitled to raise his underlying tax liabilities for 2002 and 2003, and we review respondent's proposed collection action for abuse of discretion.

Petitioner's main argument is that he was wrongfully denied a face-to-face section 6330 hearing. However, the record demonstrates that a face-to-face conference would not have been productive. As stated above, it was not an abuse of discretion to deny petitioner a face-to-face hearing, because he has raised only frivolous or groundless arguments.

Petitioner's CDP hearing requests contained only arguments challenging whether the IRS followed all the proper procedures and insisting that he be allowed to audio record the hearing. Respondent granted petitioner an opportunity for a telephone conference and informed him that he could qualify for a

---

[7]The Court concluded at trial that notices of deficiency for the 2002 and 2003 tax years were mailed to petitioner at his last known address. Petitioner did not submit any evidence to establish that he never received the notices of deficiency. Accordingly, pursuant to the jurisprudence of the Court of Appeals for the Fourth Circuit, to which an appeal of this case would lie absent a stipulation to the contrary, petitioner is presumed to have received the notices of deficiency. See FDIC v. Shaffer, 731 F.2d 1134, 1137 n.6 (4th Cir. 1984). However, even if the notices of deficiency were open to challenges as to the underlying liability, petitioner's arguments are frivolous.

face-to-face conference if he would first identify any relevant nonfrivolous matter he intended to discuss. In his response petitioner presented no such matter. Instead, he refused the telephone conference and replied with arguments demanding the IRS produce evidence that he owes taxes and grant him a face-to-face hearing.

Respondent replied by scheduling a telephone conference for petitioner, as well as offering him the opportunity for a face-to-face hearing closer to his place of residence. Despite being given yet another opportunity to discuss the collection action pending against him, petitioner again refused to participate in the telephone conference and requested that respondent submit three potential dates for a face-to-face hearing.

Respondent then attempted to respond in writing to some of petitioner's concerns and also offered him a final opportunity for a telephone conference. Petitioner did not respond by the given time. Additionally, petitioner had not complied with the filing obligation with respect to his Federal tax returns for 2004 and 2005 and was consequently ineligible for collection alternatives.

Under these circumstances, it was not an abuse of discretion for Settlement Officer Reubel to conclude that a face-to-face meeting would not have been productive. Settlement Officer

Reubel was therefore not required to offer petitioner a face-to-face conference.

In conclusion, the facts of this case do not establish any abuse of discretion on respondent's part. The Court will sustain respondent's proposed collection actions as to the 2002 and 2003 tax years.[8]

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.

---

[8]In its Oct. 31, 2006, opinion in <u>Zigmont v. Commissioner</u>, T.C. Memo. 2006-233, the Court warned petitioner that he would be subject to a sec. 6673(a)(1) penalty if he continued to raise frivolous arguments in court proceedings. After much consideration, the Court has decided not to impose a penalty in the instant case, but we explicitly admonish petitioner that he may, in the future, be subject to a penalty under sec. 6673 for any proceedings instituted or maintained primarily for delay or for any proceedings which are frivolous or groundless.