T.C. Memo. 2009-169


UNITED STATES TAX COURT


JOHN B. RICE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21567-07L.          Filed July 15, 2009.


John B. Rice, pro se.

<u>Steven M. Webster</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>:  The dispute between the parties concerns respondent's proposed use of a levy to collect frivolous income tax return penalties against petitioner pursuant to section 6702. The issue is whether to sustain respondent's determination to proceed with the proposed collection activity.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

At the time he filed his petition, petitioner resided in Georgia.

Background

Petitioner is an adherent of the principles espoused by Robert Clarkson (Clarkson),[1] founder of the Patriot Network, a national organization that advocates tax avoidance activities as well as the frustration and delay of collection efforts by the Internal Revenue Service (IRS). Petitioner is no stranger to this Court. He has appeared before us on two prior occasions, losing both times. Rice v. Commissioner, an Oral Opinion of this Court dated Aug. 30, 2006; Rice v. Commissioner, an Oral Opinion of this Court dated Mar. 19, 2008.

During 2001 petitioner received a distribution from the Employees' Retirement System of Georgia pension plan of which $34,631 was reported to respondent by the payor as taxable income. He reported $17 as taxable interest.

During 2002 petitioner received a distribution from the Employees' Retirement System of Georgia pension plan of which

_____

[1]Clarkson had previously been found to have engaged in activities that interfere with the enforcement of internal revenue laws including, but not limited to, instructing others to purposely frustrate and delay collection efforts and was permanently enjoined from participating in those and other activities. See United States v. Clarkson, 100 AFTR 2d 2007-5108, 2007-2 USTC par. 50,558 (D.S.C. 2007).

$35,688 was reported to respondent by the payor as the taxable amount. He also reported $17 as taxable interest.

Petitioner submitted undated Federal income tax returns for 2001 and 2002 reporting as taxable income for each year only the $17 of interest and reporting no tax liability. Form 2555-EZ, Foreign Earned Income Exclusion, and Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflecting petitioner's pension income, were attached to each return. For each year petitioner claimed he qualified for the foreign earned income exclusion, stating he resided in the "American Republic of Georgia" and, as a retired Georgia State employee, his employer was the "American Republic of Georgia." Neither return was signed.

Using information from third-party payors, the IRS computed petitioner's 2001 tax to be $4,119 and his 2002 tax to be $3,913. A notice of deficiency for year 2001 was mailed to petitioner on January 14, 2004. That notice, in addition to the aforementioned $4,119 deficiency in income tax, included additions to tax under section 6651(a)(1) (failure to file a return) and section 6654 (failure to pay estimated tax). A notice of deficiency for year 2002 was mailed to petitioner on October 5, 2004. That notice, in addition to the aforementioned $3,913 deficiency in income tax, included additions to tax under sections 6651(a)(1) and 6654.

On April 7, 2004, petitioner filed a petition at docket No. 6025-04 contesting respondent's determinations with respect to year 2001.  On December 29, 2004, petitioner filed a petition at docket No. 24893-04 contesting respondent's determinations with respect to year 2002.  Pursuant to an Order dated January 3, 2005, on February 22, 2005, petitioner filed an amended petition with respect to year 2002.  By Order dated November 1, 2005, the cases in docket Nos. 6025-04 and 24893-04 were consolidated for trial, briefing, and opinion.

A trial with respect to docket Nos. 6025-04 and 24893-04 was held in Atlanta, Georgia, on August 28, 2006.  As stated supra p. 2, a bench opinion was rendered on August 30, 2006, and decisions were entered in accordance therewith on September 26, 2006.

 On a date not specified in the record, respondent assessed a frivolous income tax return penalty pursuant to section 6702 for both 2001 and 2002.

On October 23, 2006, respondent mailed petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing regarding the section 6702 frivolous return penalty for 2002.  On March 8, 2007, respondent mailed petitioner a final levy notice regarding the section 6702 penalty for 2001. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing (section 6330 hearing), challenging each notice of levy and requesting a face-to-face hearing.

By letter dated July 25, 2007, respondent informed petitioner that his request for a hearing had been received and that his case had been assigned to a settlement officer in respondent's Appeals Office in Atlanta. The letter stated that the issues petitioner raised "are those that Courts have determined are frivolous or Appeals does not consider." The letter advised petitioner that because the only issues he raised were frivolous, he was not entitled to a face-to-face hearing. Instead, petitioner was offered a telephone hearing to be held on August 15, 2007. Petitioner was advised that he would be allowed a face-to-face conference with respect to any nonfrivolous issue; however, before doing so respondent had to be informed of the nonfrivolous issue in writing or by telephone call to respondent's Appeals settlement officer by August 8, 2007.

By letter dated August 8, 2007, petitioner stated he did not want a telephone hearing, and he again asked for a face-to-face meeting. Petitioner denied raising frivolous issues. Petitioner appeared unexpectedly in person at respondent's Appeals Office in Atlanta along with Clarkson and one or two other witnesses. Respondent's Appeals settlement officer refused to see them.

Respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 on August 21, 2007. In that notice respondent sustained the proposed levy. Respondent noted in the determination notice that no notice of

deficiency was necessary with respect to the imposition of a frivolous return penalty under section 6702.

Petitioner timely contested respondent's levy determination by filing a petition in this Court. A trial was held on February 3, 2009. At trial petitioner was given the opportunity to explain why the section 6702 frivolous return penalty should not be applied with respect to his submissions of his 2001 and 2002 Federal income tax returns. Petitioner gave no adequate explanation. Collection of the deficiencies in income tax for 2001 and 2002 and additions to tax under sections 6651(a)(1) and 6654 is not before us.

## Discussion

A.  Section 6702 Frivolous Income Tax Return Penalty

Pursuant to section 6702,[2] a frivolous return penalty may be

---

[2]Sec. 6702 as in effect during the relevant period provides in relevant part:

SEC. 6702.        FRIVOLOUS INCOME TAX RETURN.

(a)  Civil Penalty.--If--

(1)  any individual files what purports to be a return of the tax imposed by subtitle A but which--

(A)  does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B)  contains information that on its face indicates that the self-assessment is substantially incorrect; and

(continued...)

assessed against a taxpayer if three requirements are met.

First, under section 6702(a)(1), the taxpayer must file a document that purports to be an income tax return.  Second, under section 6702(a)(1)(A), the purported return must lack the information needed to judge the substantial correctness of the self-assessment or, under section 6702(a)(1)(B), must contain information indicating the self-assessment on the purported return is substantially incorrect.  Third, under section 6702(a)(2), the taxpayer's position must be frivolous or demonstrate a desire (which appears on the purported return) to delay or impede the administration of Federal income tax law. See Callahan v. Commissioner, 130 T.C. 44, 51 (2008).  "We generally look to the face of the documents to determine whether a taxpayer is liable for a frivolous return penalty as a matter of law."  Id.; see Yuen v. United States, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003).

---

[2](...continued)
        (2) the conduct referred to in paragraph (1) is due  to--

            (A)  a position which is frivolous, or

            (B)  a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

B. <u>Jurisdiction</u>

The section 6702 frivolous return penalty is governed by the procedural rules of section 6703,[3] which generally removes section 6702 penalty assessments from the deficiency jurisdiction of this Court. However, section 6330(d)(1)[4] provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity regardless of the type of underlying tax involved. We have held that our jurisdiction includes the right to review the Commissioner's levy collection activity regarding the section 6702 frivolous return penalty. <u>Callahan v. Commissioner</u>, <u>supra</u>. Thus, we have jurisdiction to review respondent's notice of determination of August 21, 2007, issued to petitioner under section 6330.

C. <u>Standard of Review</u>

This case involves a review of respondent's determination to proceed with collection of petitioner's frivolous return penalties for 2001 and 2002 via levy. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified that person in

---

[3]Sec. 6703(b) provides that subch. B of ch. 63 of the Internal Revenue Code (relating to deficiency procedures) does not apply with respect to the assessment or collection of the penalties provided by secs. 6700, 6701, and 6702.

[4]As amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, effective for determinations made after Oct. 16, 2006.

writing of the right to a hearing before the levy is made (the section 6330 hearing).  Section 6330 hearings concerning levies are conducted in accordance with section 6330(c).  After the Commissioner issues his notice of determination following an administrative hearing, a taxpayer has the right to petition this Court for judicial review of the Commissioner's determination. Sec. 6330(d)(1).

A taxpayer is precluded from contesting the existence or amount of the underlying liability if he/she received a notice of deficiency for the tax year in question or otherwise had an opportunity to dispute the underlying tax liability.  Sec. 6330(c)(2)(B).  If the taxpayer did not receive a notice of deficiency or did not have an opportunity to dispute the underlying tax liability, we review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).

Because no notice of deficiency was sent with respect to the section 6702 frivolous return penalty, petitioner was entitled to contest the penalty at his section 6330 hearing.  Respondent conceded that no actual meeting or telephone conference between petitioner and respondent's Appeals settlement officer took place.  Accordingly, we review the 2001 and 2002 frivolous return penalties de novo.

D.  Application

With regard to the first element of the section 6702 frivolous return penalty, the documents petitioner filed purported to be income tax returns for 2001 and 2002.  Each return included a Form 1099-R that was provided by the Employees' Retirement System of Georgia pension plan reporting petitioner's pension income.  A relatively insignificant amount of interest income was also reported on each return.  Finally, petitioner attached a Form 2555-EZ to each return purporting to show that he was entitled to the foreign earned income exclusion, and as a consequence he reported zero on the line for total tax on Form 1040, U.S. Individual Income Tax Return, for each year.  Thus, the first element of the section 6702 frivolous return penalty is met.

With regard to the second element of the section 6702 frivolous return penalty, the returns petitioner filed for 2001 and 2002 are substantially incorrect in that he claimed on each return a foreign earned income exclusion on Form 2555-EZ, even though he provided a domestic address and acknowledged that he lived there throughout each taxable year.  Accordingly, the second element of the section 6702 frivolous return penalty is met.

Finally, with regard to the third element of the section 6702 frivolous return penalty, petitioner's position that he

qualifies as a nonresident nontaxpayer is frivolous on its face. Petitioner claims on Form 2555-EZ to be a citizen of the "American Republic of Georgia" and not a resident of the United States.  We have imposed the section 6673 penalty for taking a frivolous position upon taxpayers who have claimed that they are not subject to Federal income taxation because they are not citizens of the United States but instead are citizens of a State "republic" (e.g., the Republic of Colorado, the Republic of California).  See, e.g., Fisher v. Commissioner, T.C. Memo. 1996-277; Fox v. Commissioner, T.C. Memo. 1996-79 (applying the section 6673 penalty for instituting procedures primarily for delay based on raising frivolous arguments).  The third and final element of the section 6702 frivolous return penalty is thus met.

E.   Petitioner's Position

Petitioner contends that he was entitled to a face-to-face hearing and that because he was denied one, respondent abused his discretion in determining to proceed with the collection of the frivolous income tax return penalties for years 2001 and 2002 by levy.  We disagree.

Petitioner's arguments disputing the section 6702 frivolous return penalties, as set forth in his communications with respondent, themselves were frivolous.  Petitioner was given an opportunity to present nonfrivolous arguments but did not do so. We are satisfied that a face-to-face conference would not have

been productive.  See <u>Moline v. Commissioner</u>, T.C. Memo. 2009-110; <u>Summers v. Commissioner</u>, T.C. Memo. 2006-219; <u>Ho v. Commissioner</u>, T.C. Memo. 2006-41.

F.  <u>Conclusion</u>

Respondent's Appeals settlement officer verified that the requirements of all applicable law and administrative procedures were met and that the proposed levy action appropriately balanced the need for efficient collection of taxes with the petitioner's concerns that the levy be no more intrusive than necessary.

We hold that respondent did not abuse his discretion in determining to proceed with the collection by levy of the frivolous income tax return penalties owed by petitioner for years 2001 and 2002.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.