T.C. Memo. 2010-215

UNITED STATES TAX COURT

CURTIS F. ZASTROW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2994-09L.                    Filed October 5, 2010.

Curtis F. Zastrow, pro se.

Alicia A. Mazurek and Alexandra E. Nicholaides, for
respondent.

MEMORANDUM OPINION

PARIS, Judge:  On December 24, 2008, respondent mailed to
petitioner a Notice of Determination Concerning Collection
Action(s) which sustained the filing of a notice of Federal tax
lien (NFTL) with respect to petitioner's assessed income tax
liability for tax years 2000, 2001, and 2004.  Petitioner alleges

that he never received a notice of deficiency for those tax years and was denied an opportunity to contest the underlying tax liabilities.

The issues for decision are (1) whether petitioner was provided the opportunity to challenge the assessed tax liability for tax years 2000, 2001, and 2004, and (2) whether respondent's determination to sustain the filing of the NFTL was an abuse of discretion.

## Background

Some of the facts and exhibits have been stipulated and are incorporated herein by reference.  At the time the petition was filed and during the tax years 2005, 2006, and 2007, petitioner resided and received his mail at Midland, Michigan.

Petitioner is employed as a consultant for nonprofit organizations.  Petitioner failed to file income tax returns for tax years 2000, 2001, and 2004.  Pursuant to section 6020(b)(1),[1] respondent filed for each of those years a substitute for return using third-party reporting of income paid to Curtis Zastrow of Midland, Michigan.  Respondent sent petitioner notices of deficiency for tax years 2000 and 2001 on February 13, 2006, and January 10, 2005, respectively.  Petitioner failed to file a petition contesting either notice of deficiency, and the tax was

_____

[1]All section references are to the Internal Revenue Code of 1986, as amended.

assessed.  Respondent sent petitioner a notice of intent to levy pursuant to section 6330 in May 2007.  Petitioner timely requested and was granted a collection due process (CDP) levy hearing in May of 2008 for tax years 2000 and 2001 where he was advised that he was ineligible for any collection alternative unless and until he filed his delinquent tax returns for tax years 2000 and 2001.  Petitioner never filed those returns, and respondent ultimately issued a notice of determination sustaining the levy.[2]  Respondent mailed petitioner a notice of deficiency for tax year 2004 on June 11, 2007.  Yet again, petitioner did not file a petition with this Court.

On June 24, 2008, respondent filed a NFTL against petitioner for unpaid income taxes for tax years 2000, 2001, and 2004.  Subsequently, petitioner filed a timely request with respondent for a CDP hearing.  Petitioner was assigned an Appeals account resolution specialist (AAR specialist) who corresponded with petitioner and informed him that to qualify for collection alternatives, he would need to file his income tax returns for 2006 and 2007 and submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to assist respondent in determining feasible collection

---

[2]The levy is not at issue, and the Court notes the proceedings therein for purposes of establishing the chronology of events leading to the NFTL and that petitioner has had one or more opportunities to dispute the underlying tax liabilities for tax years 2000 and 2001.

alternatives.  Petitioner neither filed income tax returns for tax years 2006 and 2007 nor provided the AAR specialist with the collection information statement.

The AAR specialist scheduled a telephone CDP hearing with petitioner for November 18, 2008.  However, petitioner did not participate in the scheduled hearing.  The AAR specialist then rescheduled the CDP hearing for December 3, 2008, and requested that petitioner provide further information for consideration. Petitioner did not take part in the rescheduled hearing but requested a face-to-face hearing.  The AAR specialist denied this request and subsequently sent to petitioner a notice of determination sustaining the NFTL for tax years 2000, 2001, and 2004.  Petitioner then filed a timely petition with this Court.[3]

## Discussion

Petitioner argues that he did not receive a notice of deficiency for tax year 2000, 2001, or 2004, that respondent's AAR specialist abused her discretion by denying him a face-to-face hearing, and that respondent's AAR specialist abused her discretion when she sustained the filing of the NFTL.  This Court holds that the validity of the underlying liability is not properly before the Court and that respondent's AAR specialist

_____

[3]Trial was held on Oct. 22, 2009, with posttrial briefs due on Jan. 5, 2010.  Petitioner failed to file a timely brief.  On Feb. 23, 2010, this Court granted petitioner's motion for an extension of time to file his brief.  To date, petitioner has failed to file the brief.

did not abuse her discretion when she denied petitioner a face-to-face hearing or when she sustained the filing of the NFTL for tax years 2000, 2001, and 2004.

A. <u>Standard of Review</u>

Under section 6321, if a person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States upon all property and rights to property belonging to such person.  A taxpayer may appeal the filing of a NFTL to the Internal Revenue Service under section 6320 by requesting an administrative hearing.  If the hearing culminates in an adverse determination, the taxpayer is afforded the opportunity for judicial review of the determination in the Tax Court pursuant to section 6330(d).  Petitioner seeks review of respondent's determination.  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  <u>Davis v. Commissioner</u>, 115 T.C. 35, 39 (2000).  Where the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

The Court has described the standard by which the Commissioner's determinations in CDP cases are reviewed for "abuse of discretion", as entailing an inquiry whether the

determination is "arbitrary, capricious, clearly unlawful, or without sound basis in fact or law." Ewing v. Commissioner, 122 T.C. 32, 39 (2004), revd. on other grounds 439 F.3d 1009 (9th Cir. 2006); see also Woodral v. Commissioner, 112 T.C. 19, 23 (1999). When a taxpayer seeks judicial review of a notice of determination, the Court has authority to consider a section 6330(c)(2) issue only if it was properly raised in the CDP hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised if the taxpayer fails to present Appeals any evidence with respect to that issue after being given a reasonable opportunity to do so.

Section 6330(c)(2)(B) provides that at a CDP hearing, a person may challenge the existence or amount of the underlying tax liability "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Petitioner argues that he did not receive a notice of deficiency for tax year 2000, 2001, or 2004, and therefore he can challenge the underlying liabilities. The Court disagrees. Respondent presented evidence that the notices of deficiency were mailed to petitioner's last known address, and the record reflects that petitioner continues to reside at the same address. Petitioner failed to provide any evidence other than his own uncorroborated testimony to prove

that he did not receive those notices.  On the basis of the evidence respondent provided, the Court is satisfied that those notices were sent to the proper address and received by petitioner.  Therefore, the Court determines that petitioner cannot challenge the underlying liabilities for tax years 2000, 2001, and 2004 because he has received a notice of deficiency for each year at issue and had a prior opportunity to challenge the tax liability for each year.  Furthermore, petitioner had a previous opportunity to challenge his underlying tax liabilities for the tax years 2000 and 2001.  A due process hearing on the notice of intent to levy constitutes a prior opportunity to raise and challenge an underlying tax liability within the meaning of section 6330 and the regulations.  Bell v. Commissioner, 126 T.C. 356 (2006).

B. Face-to-Face Hearings

Petitioner contends that his hearing was not fair and impartial because he was denied a face-to-face hearing.  The Court disagrees.  Petitioner was not improperly deprived of a face-to-face CDP hearing.  See Lindberg v. Commissioner, T.C. Memo. 2010-67; Granger v. Commissioner, T.C. Memo. 2009-258 (citing O'Meara v. Waters, 464 F. Supp. 2d 474, 479-480 (D. Md. 2006), and Turner v. United States, 372 F. Supp. 2d 1053, 1058 (S.D. Ohio 2005)).

Generally, there is no abuse of discretion in the IRS' refusal of a face-to-face hearing when a taxpayer fails to present nonfrivolous arguments, file past-due returns, and submit financial statements as a prerequisite to a collection alternative. See Moline v. Commissioner, 363 Fed. Appx. 675 (10th Cir. 2010), affg. T.C. Memo. 2009-110; Rice v. Commissioner, T.C. Memo. 2009-169; Summers v. Commissioner, T.C. Memo. 2006-219. The AAR specialist considered the information offered by petitioner and gave him the opportunity to provide the appropriate information in order to qualify for a face-to-face hearing. Petitioner neither provided the requested information nor filed past-due returns as was also requested. Consequently, the AAR specialist did not abuse her discretion when she denied petitioner a face-to-face hearing.

C. Filing of the NFTL

Because petitioner was not in compliance with his tax obligations, respondent's filing of a tax lien was appropriate. It is not an abuse of discretion for Appeals to reject collection alternatives where a taxpayer has not complied with current tax obligations. Giamelli v. Commissioner, supra at 111-112. Other than the CDP request form, and despite being provided with two opportunities to do so, petitioner presented no evidence to the AAR specialist to support any of his claims. The AAR specialist based her review on the case file and transcripts of prior

correspondence with petitioner and found that petitioner failed to file delinquent tax returns, failed to provide a requested collection information statement, and did not qualify for any collection alternatives. Therefore, the Court finds that the AAR specialist did not abuse her discretion when she sustained the filing of the NFTL.

On the basis of the record, the Court finds that petitioner was given the opportunity to challenge the underlying tax liabilities and that the AAR specialist did not abuse her discretion in determining that the NFTL filing was appropriate.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.