T.C. Memo. 2010-227

UNITED STATES TAX COURT

JOSEPH TOTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6274-09L.                    Filed October 20, 2010.

Joseph Toth, pro se.

<u>Timothy S. Murphy</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On February 20, 2009, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 which sustained a proposed levy to collect an assessment of petitioner's income tax liability for tax year 2003.  Petitioner timely filed a petition with this Court and argued that respondent abused his discretion

by denying him a face-to-face hearing where he could challenge
the underlying tax liability for tax year 2003 and by sustaining
a levy on his assets to collect his 2003 tax liability.

The issues for decision are:  (1) Whether petitioner was
entitled to a face-to-face hearing and (2) whether respondent's
determination to sustain the levy was an abuse of discretion.

### Background

Some of the facts and exhibits have been stipulated and are
incorporated herein by reference.  At the time the petition was
filed, petitioner resided and received his mail in Detroit,
Michigan.

Petitioner failed to file income tax returns for tax years
1999 and 2001 through the present.[1]  Consequently, respondent
filed a substitute for return for petitioner pursuant to section
6020(b)[2] for tax year 2003.  On May 24, 2005, respondent sent to
petitioner at his last known address a notice of deficiency for
tax year 2003.  Petitioner did not respond to the notice, the tax
was assessed, and, pursuant to section 6330, respondent sent
petitioner a notice of intent to levy for that tax year.

---

[1]Petitioner testified at trial that he was unsure of the
last year for which he filed a tax return but he thought it was
either tax year 1999 or 2001.

[2]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

Petitioner timely requested and was granted a collection due process (CDP) levy hearing for tax year 2003.

As part of the CDP hearing, petitioner was assigned a settlement officer (SO) who corresponded with petitioner regarding potential collection alternatives. On December 31, 2008, the SO informed petitioner that to qualify for collection alternatives he would need to file his income tax returns for tax years 2004, 2005, 2006, and 2007 and submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to assist the SO in determining feasible collection alternatives. Petitioner neither filed any of the income tax returns requested nor provided the SO with the collection information statement. Instead, on January 6, 2009, petitioner demanded a face-to-face hearing and requested that an Appeals officer, not a SO, be assigned to him. Petitioner's request for a face-to-face hearing was denied on January 15, 2009.

During a telephone CDP hearing on February 12, 2009, petitioner again demanded a face-to-face hearing and explained to the SO that he would submit the information and arguments concerning his underlying tax liabilities only at a face-to-face hearing. Realizing that the parties were at a stalemate, the SO concluded the hearing and ultimately issued a notice of determination sustaining the levy on February 20, 2009.

Petitioner then filed a timely petition with this Court on March 13, 2009.

## Discussion

Petitioner argues that respondent abused his discretion by denying petitioner a face-to-face hearing and by sustaining the levy for tax year 2003.

A. Standard of Review

Under section 6331, if a person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, the Internal Revenue Service (IRS), before it may collect that liability by a levy upon property or rights to property of that taxpayer, must notify the taxpayer in writing of its intention to make the levy. The taxpayer may appeal the notice of intent to levy to the IRS under section 6330 by requesting an administrative hearing. After the IRS issues its notice of determination, the taxpayer is afforded the opportunity for judicial review of that determination in the Tax Court pursuant to section 6330(d). Petitioner seeks review of respondent's determination. Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Where the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination

for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

The Court reviews respondent's determination for abuse of discretion. The Court has defined "abuse of discretion", as meaning arbitrary, capricious, or without sound basis in fact or law. <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

B. <u>Challenging the Underlying Liability</u>

Section 6330(c)(2)(B) provides that at a CDP hearing, a person may challenge the existence and amount of the underlying tax liability "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Petitioner does not argue that he never received the notice of deficiency or that he has not had an opportunity to dispute his tax liability. Rather, petitioner argues that he has not had an opportunity to dispute his tax liability in a face-to-face hearing. Therefore, the Court finds that petitioner may not challenge the underlying liability.

C. <u>Face-to-Face Hearings</u>

Petitioner contends that he is entitled to a face-to-face hearing with the appeals office regarding the proposed levy to collect his tax liability for tax year 2003. The Court disagrees. Because petitioner failed to take steps necessary to qualify for collection alternatives, he is not entitled to a

face-to-face hearing. See <u>Lindberg v. Commissioner</u>, T.C. Memo. 2010-67. There is no abuse of discretion in the IRS' refusal of a face-to-face hearing when a taxpayer refuses to present nonfrivolous arguments, file past-due returns, and submit financial statements. See <u>Rice v. Commissioner</u>, T.C. Memo. 2009-169; <u>Moline v. Commissioner</u>, T.C. Memo. 2009-110, affd. 363 Fed. Appx. 675 (10th Cir. 2010); <u>Summers v. Commissioner</u>, T.C. Memo. 2006-219. Petitioner neither filed an income tax return for 2003 or for any subsequent year nor submitted a Form 433-A; he was ineligible for collection alternatives. The SO gave petitioner the opportunity to provide the appropriate information in order to qualify for a face-to-face hearing; however, petitioner did not provide the requested information. Consequently, respondent did not abuse his discretion when he denied petitioner a face-to-face hearing.

D. <u>Levy Action</u>

It is not an abuse of discretion for Appeals to reject collection alternatives where a taxpayer has not complied with his current tax obligations. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111-112 (2007). Respondent based his review on the case file, including transcripts of petitioner's account and prior correspondence with petitioner. Respondent determined that petitioner failed to file delinquent tax returns, failed to provide a requested collection information statement, and did not

qualify for any collection alternatives.  Therefore, the Court finds that respondent did not abuse his discretion when he sustained the levy.

We have considered the remaining arguments of both parties, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.