T.C. Memo. 2018-206

UNITED STATES TAX COURT

LEON STEINHARDT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20658-17L.                    Filed December 18, 2018.

Leon Steinhardt, pro se.

<u>Wendy C. Yan</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This collection review case, filed pursuant to section

6330(d)(1), was calendared for trial at the Richmond, Virginia, session of the

[*2] Court scheduled to commence on October 15, 2018.[1]  On August 15, 2018, the Court filed respondent's motion for summary judgment and the supporting declaration of Settlement Officer Stephan R. Harding (SO Harding).  On September 10, 2018, the Court filed petitioner's notice of objection to motion for summary judgment and motion to remand.

Background

Respondent determined Federal income tax deficiencies against petitioner for 1998, 1999, 2000, and 2001 based on substitutes for returns respondent prepared pursuant to section 6020(b), and on January 31, 2011, the Court entered a decision in docket No. 10113-05 for those years.  Petitioner also failed to file Federal income tax returns for 2008 and 2009.  On May 16, 2011, respondent sent petitioner a letter requesting that petitioner file Federal income tax returns for 2008 and 2009 or agree to the proposed deficiencies pursuant to the substitutes-for-returns procedures.  Respondent prepared substitutes for returns for 2008 and 2009 pursuant to section 6020(b).  On July 18, 2011, respondent sent notices of deficiency to petitioner's Virginia Beach, Virginia, address for 2008 and 2009.  Those notices were sent via certified mail to the same address petitioner used on

---

[1]All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] his petition to this Court.  Petitioner did not challenge the proposed deficiencies for 2008 and 2009, and respondent assessed the deficiencies based on the substitutes for returns.

On April 19, 2017, respondent issued petitioner a Notice of Intent to Levy and Your Right to a Hearing relating to 1998, 1999, 2000, 2001, 2008, and 2009 (years in issue).  On May 17, 2017, petitioner timely submitted his Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a collection due process hearing for the years in issue.  On the Form 12153, petitioner stated that "[he was] disputing these alleged taxes or penalties associated with these taxes, and strongly believe[s] that [he] do[es] not owe them" and requested a face-to-face hearing closer to his home.  Petitioner also requested consideration of collection alternatives "[i]f at the end of * * * [his] hearing, it is proven that [he] owe[s] the tax", although he did not check any of the respective boxes relating to collection alternatives.

On July 17, 2017,[2] SO Harding from respondent's Appeals Office in Atlanta, Georgia, sent petitioner a letter acknowledging that respondent received

---

[2]The notice of determination references respondent's letter dated July 7, 2017.  The record includes, and both respondent's counsel and petitioner reference, a letter dated July 17, 2017.  The July 7, 2017, reference appears to be a typographical error on respondent's part.

**[*4]** petitioner's Form 12153 relating to the years in issue and scheduling a telephone conference for August 15, 2017. SO Harding informed petitioner that he was not permitted to dispute the liabilities for 1998, 1999, 2000, and 2001 because petitioner had previously disputed these liabilities in a collection due process hearing. Since SO Harding was unable to verify petitioner's receipt of the notices of deficiency for 2008 and 2009, he informed petitioner that he could challenge the underlying liabilities relating to 2008 and 2009 but needed to provide his 2008 and 2009 amended Federal income tax returns. SO Harding also informed petitioner that he could qualify for a face-to-face collection due process hearing if he was in current compliance with his filing requirements.

In order for SO Harding to consider collection alternatives, he requested that petitioner provide the following information: a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; a completed Form 433-B, Collection Information Statement for Businesses; and signed tax returns for 2010, 2011, 2012, 2013, 2014, 2015, and 2016 or proof of his compliance with filing requirements. SO Harding requested additional information including a Form 656, Offer in Compromise, and financial information.

**[*5]**  On August 14, 2017, petitioner called SO Harding and informed him that he would not be calling in for the collection due process telephone hearing. Petitioner also sent SO Harding a letter dated August 14, 2017, which stated: "I will not be able to participate in the telephone conference you scheduled for August 15, 2017." Petitioner also alleged that he was entitled to a face-to-face collection due process hearing; the assignment of his hearing to the Atlanta, Georgia, Appeals Office was in error because he resided in Virginia Beach, Virginia; and he was able to dispute the liabilities relating to 1998, 1999, 2000, and 2001 because "[he] believe[d] that the amounts of interest and penalties [were] incorrect [and] the IRS makes a lot of mistakes". Additionally, petitioner contended that he had not received a notice of deficiency for 2008 or 2009. SO Harding's July 17, 2017, letter gave petitioner 14 days to provide the requested information and 21 days to provide the Federal tax returns. Petitioner did not provide the requested information before the scheduled collection due process hearing, nor did he request additional time to collect the information. SO Harding did not contact petitioner after reviewing petitioner's letter, which did not include the requested information.

Before the issuance of the notice of determination, SO Harding reviewed the information available to him, including the information returns provided by third-

**[\*6]** party payors. He determined that petitioner would have a filing requirement for each of his 2010 through 2016 taxable years. Additionally, he determined respondent had grounds for making the 2008 and 2009 assessments and that the notices of deficiency were mailed to petitioner's last known address via certified mail, although delivery could not be established.[3] SO Harding determined that although "[petitioner] can and does dispute these 2008 and 2009 tax assessments, no documentation has been provided to indicate the amount of the dispute or evidence to support a reduction of these assessments." SO Harding also determined that "all penalty and interest assessments [for the years at issue] appear correct" after he had considered all of information available to him.

On September 1, 2017, respondent issued to petitioner a notice of determination sustaining the notice of intent to levy relating to the years in issue. On October 2, 2017, petitioner, while residing in the State of Virginia, filed his petition with the Court disputing the notice of determination.

On his petition, petitioner stated that "[t]he IRS never gave [him] a Face-to-Face hearing, ignoring [his] request for a [collection due process hearing]". Respondent contends that petitioner did not qualify for a face-to-face hearing.

---

[3]The Case Activity Record states that "the post office does not hol[d] [sic] the proof of delivery on line back to 2011, when these notices were issued and proof of delivery or intentional refusal of delivery cannot be established."

[*7] Petitioner did not explicitly challenge in his petition the underlying liability for 1998, 1999, 2000, or 2001 or his receipt of the notices of deficiency for 2008 and 2009. Respondent contends in his motion for summary judgment that petitioner conceded the underlying tax liabilities for the years in issue.

Petitioner challenged respondent's contention regarding the concession of the underlying liabilities. In his notice of objection petitioner stated that he had raised numerous issues in his August 14, 2017, letter, including that he objected to a settlement officer from Atlanta holding the hearing, he did not receive notices of deficiency for 2008 and 2009, and he wished to dispute the penalties and interest for 1998, 1999, 2000, and 2001.

In his motion to remand, petitioner again contended that the case should be remanded to the IRS Appeals Office for a face-to-face hearing.

## Discussion

Either party may move for summary judgment on all or any part of the legal issues in controversy. Rule 121(a). The Court may grant summary judgment only if "there is no genuine dispute as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121(b); see Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985). As the moving party, respondent bears the burden of proving that no genuine dispute exists as to any material fact and that respondent

**[*8]** is entitled to judgment as a matter of law.  See Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The party opposing summary judgment must set forth specific facts which show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings.  Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520.

In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party (i.e., petitioner in this case).  FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 559 (2000); Naftel v. Commissioner, 85 T.C. at 529.  Where the record viewed as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no "genuine issue for trial".  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations.  See sec. 6330(d); see also Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  Generally, the Court may consider only those issues that the taxpayer properly raised during the hearing.  See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Giamelli v. Commissioner, 129 T.C. 107, 112-114 (2007); Magana v. Commissioner, 118 T.C.

**[*9]** 488, 493 (2002). At a collection due process hearing the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

Rule 331(b)(4), however, requires petitioner to include in his petition "clear and concise assignments of each and every error which * * * petitioner alleges to have been committed in the notice of determination. Any issue not raised in the assignments of error shall be deemed conceded." See McLaine v. Commissioner, 138 T.C. 228, 244 (2012); Westby v. Commissioner, T.C. Memo. 2007-194. The petition contained only arguments relating to respondent's failure to provide him a face-to-face collection due process hearing. Petitioner, however, contended in his notice of objection that he indirectly challenged the underlying liabilities relating to the years in issue and the receipt of the notices of deficiency relating to 2008 and 2009 in his petition and explicitly challenged these issues in a letter to SO Harding.

Irrespective of whether he conceded his underlying liabilities, petitioner cannot challenge his underlying tax liabilities for 1998, 1999, 2000, and 2001.

**[*10]** Petitioner previously disputed the underlying liabilities for those years, and on January 31, 2011, the Court entered a decision against him in docket No. 10113-05 for those years. When the underlying tax liability is not at issue, the Court reviews the determinations regarding the collection action for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Petitioner challenged the underlying liabilities for 2008 and 2009, and SO Harding determined that petitioner could do so. Petitioner, however, did not participate in the collection due process hearing or provide to the settlement officer his amended 2008 and 2009 Federal income tax returns. Petitioner did not properly dispute the underlying tax liabilities for the years at issue, and accordingly, the Court will not consider any adjustments to the amounts. See Goza v. Commissioner, 114 T.C. at 182; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

The Court reviews the determinations regarding the collection action for the years in issue for abuse of discretion. Pursuant to this standard, the taxpayer must prove that the determination was arbitrary, capricious, or without sound basis in fact or law. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

**[*11]** Collection due process hearings are informal, may consist of one or more oral or written communications between an Appeals officer and the taxpayer, and do not require the Appeals officer and the taxpayer to have a face-to-face conference. See sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. While petitioner contends that he was denied a face-to-face collection due process hearing, this Court has consistently held that a face-to-face hearing is not required pursuant to section 6320 or 6330, and a proper collection due process hearing may be held by telephone or by correspondence under certain circumstances. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Rice v. Commissioner, T.C. Memo. 2009-169; Huntress v. Commissioner, T.C. Memo. 2009-161; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

A taxpayer may request a face-to-face collection due process hearing at the Appeals Office closest to the taxpayer's residence. See sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. However, "a face-to-face CDP conference concerning a collection alternative, such as an installment agreement or an offer to compromise liability, will not be granted unless * * * [another] taxpayer[] would be eligible for the alternative in similar circumstances." See id. Q&A-D8. For example, if a taxpayer is not in compliance with his filing obligations or has not made certain required deposits of tax as set forth in Form 656, no face-to-face

[*12] conference will be granted to the taxpayer if he wishes to make an offer-in-compromise but has not fulfilled these obligations.  Id.  SO Harding informed petitioner that he needed to be in compliance with his Federal income tax filing obligations in order to qualify for a face to face hearing concerning collection alternatives.  From review of the information available to him, SO Harding determined that petitioner had Federal tax filing obligations for 2010 through 2016.  Petitioner, however, did not provide any of the information requested, including whether he was in compliance with his 2010 through 2016 Federal income tax filing obligations, and did not participate in the telephone collection due process hearing.  Accordingly, the Court concludes that there was no abuse of discretion in respondent's determinations, and respondent's motion for summary judgment will be granted.

To reflect the foregoing,

An appropriate order and decision will be entered.