T.C. Memo. 2019-117

UNITED STATES TAX COURT

REBECCA A. ROBERTS AND RICK R. ROBERTS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18238-17L.                     Filed September 11, 2019.

Rebecca A. Roberts and Rick R. Roberts, pro sese.

Karen Lynne Baker, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  This collection review case, filed pursuant to section
6330(d)(1), is before the Court on respondent's motion for summary judgment
filed pursuant to Rule 121.[1]  On June 26, 2018, the Court filed respondent's

_____

    [1]Unless otherwise indicated, all section references are to the Internal
                                                        (continued...)

**[*2]** motion for summary judgment and the supporting declaration of Appeals Team Manager Keir Fitzgerald. By order dated June 26, 2018, the Court directed petitioners to file a response to respondent's motion on or before July 17, 2018. To date the Court has received no response from petitioners.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached declaration and exhibits.

Petitioners filed their 2014 Form 1040, U.S. Individual Income Tax Return, on October 5, 2015. On November 16, 2015, respondent assessed the tax reported on petitioners' 2014 Form 1040, a late payment penalty, and interest. The 2014 Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, reflects that petitioners fully paid their 2014 Form 1040 tax liability as of May 15, 2018.

Petitioners filed their 2015 Form 1040 on October 17, 2016. On November 28, 2016, respondent assessed against petitioners $123,945 of tax, an estimated tax penalty of $1,889, a late payment penalty of $1,144.61, and interest of $526.57.

---

[1](...continued)
Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** According to petitioners' 2015 Form 4340, their 2015 account balance was $118,021.18 as of May 15, 2018.

On March 6, 2017, respondent issued to each petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing. On March 30, 2017, petitioners' representative, a certified public accountant, filed with respondent petitioners' Form 12153, Request for a Collection Due Process or Equivalent Hearing. They requested as a collection alternative an installment agreement, an offer-in-compromise, or currently not collectible status. They also stated that "taxpayer[s] cannot pay balance at this time. Taxpayer[s] would like an offer or installment agreement." Respondent acknowledged receipt of petitioners' Form 12153 in a May 2, 2017, letter to petitioners in which he provided Cenia Sherman's contact information should petitioners have questions before receiving a response from the Office of Appeals.

Settlement Officer Sandra Rose (SO Rose) was assigned to petitioners' case. She determined the assessment was properly made, the notice and demand was mailed to petitioners' last known address, petitioners did not owe liabilities for any other periods, and petitioners were in compliance with their filing requirements.

On May 23, 2017, SO Rose issued to petitioners a letter accepting their request for a collection due process (CDP) hearing as timely, scheduling a

[*4] telephone CDP hearing for June 28, 2017, and informing them that they had to provide certain documentation by June 16, 2017, in order for her to consider an offer-in-compromise, an installment agreement, or currently not collectible status. To be considered for an installment agreement or currently not collectible status, petitioners needed to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documents. To be considered for an offer-in-compromise, petitioners needed to submit (1) a completed Form 433-A with supporting documents, (2) a completed Form 656, Offer in Compromise, and (3) the applicable fee and payments. SO Rose also warned petitioners: "If you do not wish to participate in a conference or respond to this letter, the determination or decision letter that we issue will be based on your CDP request, any information you previously provided to this office, and any information * * * [respondent has] on file regarding applicable tax period(s)." She further explained that if petitioners had any questions or concerns regarding their CDP hearing, they should contact her at the telephone number listed in the heading.

SO Rose called petitioners' representative at the scheduled time, but he was unavailable. His associate requested that he be permitted to call back later. On June 29, 2017, petitioners' representative left a message stating that he was

[*5] unavailable during the scheduled telephone CDP hearing and requested that it be rescheduled and moved to Houston. At this time petitioners had not submitted any documentation to SO Rose.

SO Rose subsequently called petitioners' representative and informed him that they "cannot reschedule the conference or grant a transfer to Houston at this point * * * [because she] didn't receive any contact from him prior to the conference date requesting a reschedule." Petitioners' representative informed SO Rose that he requested a face-to-face conference before the originally scheduled telephone CDP hearing. He did not call SO Rose at the number listed in the heading of the initial CDP contact letter, but instead he called Ms. Sherman at a phone number beginning with the area code 859.

Thereafter, petitioners' representative requested a face-to-face hearing in Houston on numerous occasions. SO Rose and Appeals Team Manager Fitzgerald informed petitioners' representative on multiple occasions that petitioners did not qualify for a face-to-face hearing, but they permitted him the opportunity to have a rescheduled telephone CDP hearing by July 12, 2017. On July 10, 2017, Appeals Team manager Fitzgerald spoke to someone in petitioners' representative's office and discussed the general requirements regarding a face-to-face CDP hearing,

[*6] including Internal Revenue Manual (IRM) pt. 8.6.1.4.1(4) (Oct. 1, 2016), and the specific requirements starting in 2017.

On July 11, 2017, petitioners' representative sent SO Rose a fax, including an unsigned draft Form 433-A and some financial information. On the fax cover sheet, petitioners' representative again requested a face-to-face hearing in Houston because he has "an established relationship with the Houston office, and * * * [he] feel[s] * * * [he] can accomplish more for * * * [his] client[s] in person." SO Rose subsequently called petitioners' representative and left a voicemail informing him that she would not grant a face-to-face hearing.

On July 14, 2017, SO Rose faxed petitioners' representative a letter acknowledging the receipt of a draft Form 433-A, restating that a face-to-face hearing was being denied, and informing petitioners' representative that petitioners could have a rescheduled telephone conference if they responded to SO Rose by July 17, 2017. She also explained: "My manager, Keir Fitzgerald, * * * discussed general information regarding face-to-face CDP hearing requirements per IRM 8.6.1.4.1(4) and explained the specific requirements starting in FY17." In response, petitioners' representative sent SO Rose a fax indicating that petitioners had given SO Rose all of the required documents, requesting that Appeals Team Manager Fitzgerald review the documents, and again requesting a

**[*7]** face-to-face hearing.  SO Rose, after reviewing the documents and speaking with Appeals Team Manager Fitzgerald, called petitioners' representative and left a message informing him that a face-to-face hearing is not available upon request and petitioners must meet certain criteria before it can be granted.  SO Rose also informed him that the receipt of financial information does not change the determination to deny a face-to-face hearing.

On July 28, 2017, respondent issued to each petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 of the Internal Revenue Code sustaining the proposed levy for the 2014 and 2015 taxable years.

On August 28, 2017, petitioners, while residing in Texas, timely filed their petition with this Court.  Petitioners contend:

> Section 6330 of the Internal Revenue Manual is no longer in compliance with Treasury Regulations and TD 9291, Internal Revenue Bulletin 2006-46 stating that "the final regulations recognize the importance of a face-to-face meeting by providing that taxpayers will ordinarily be offered an opportunity for a face-to-face conference."

On June 26, 2018, the Court filed respondent's motion for summary judgment and the supporting declaration of Appeals Team Manager Fitzgerald. By order dated June 26, 2018, the Court directed petitioners to file a response to

[*8] respondent's motion on or before July 17, 2018. Petitioners have not responded.

Discussion

A. 2014 Tax Year

This Court is a court of limited jurisdiction, and our jurisdiction in collection cases is defined by the scope of the determination that the Appeals officer is required to make. See sec. 7442; Freije v. Commissioner, 125 T.C. 14, 25 (2005). Ordinarily, once the Commissioner concedes that there is no unpaid liability left to be collected, the collection proceeding is moot. See Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006). The record reflects, and respondent concedes in his motion, that petitioners' tax liability for 2014 has been fully paid. Under the circumstances, we will dismiss this case with respect to 2014, sua sponte, on the ground of mootness. See Rule 53.

B. 2015 Tax Year

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or

**[\*9]** declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Under Rule 121(d), if the adverse party does not respond to the motion for summary judgment, then this Court may enter a decision against that party where appropriate. See King v. Commissioner, 87 T.C. 1213, 1215 (1986); Shepherd v. Commissioner, T.C. Memo. 1997-555. Petitioners have not responded to the motion for summary judgment. The Court could therefore grant respondent's motion on that ground alone. However, even if the Court did not rely on that basis, the record in this matter shows that respondent is entitled to summary judgment for the year 2015 on the merits of the case.

The Court reviews the determinations regarding the collection action for the years in issue for abuse of discretion. Pursuant to this standard, the taxpayer must prove that the determination was arbitrary, capricious, or without sound basis in fact or law. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

CDP hearings are informal, may consist of one or more oral or written communications between an Appeals officer and the taxpayer, and do not require

**[*10]** the Appeals officer and the taxpayer to have a face-to-face conference. See sec. 6330; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. This Court has consistently held that a face-to-face hearing is not required pursuant to section 6320 or 6330, and a proper CDP hearing may be held by telephone or by correspondence under certain circumstances. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Rice v. Commissioner, T.C. Memo. 2009-169; Huntress v. Commissioner, T.C. Memo. 2009-161, 2009 WL 1883984; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

A taxpayer may request a face-to-face CDP hearing at the Appeals Office closest to the taxpayer's residence. See sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. However, "[a] face-to-face CDP conference concerning a collection alternative, such as an installment agreement or an offer to compromise liability, will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances." See id. Q&A-D8. For example, if a taxpayer is not in compliance with his filing obligations or did not make certain required deposits of tax as set forth in Form 656, no face-to-face conference will be granted to the taxpayer if he wishes to make an offer-in-compromise. Id. Once a taxpayer is given a reasonable opportunity for a hearing and fails to avail himself of that opportunity, we may sustain the Commissioner's determination to proceed

**[*11]** with collection on the basis of an Appeals officer's review of the case file. See, e.g., Rivas v. Commissioner, T.C. Memo. 2012-20; Bean v. Commissioner, T.C. Memo. 2006-88.

Petitioners contend in their petition that they were denied a face-to-face CDP hearing and that "[s]ection 6330 of the Internal Revenue Manual is no longer in compliance with Treasury Regulations". Petitioners appear to rely upon T.D. 9291, 2006-2 C.B. 887, to support their position. See supra p.7. While the preamble to T.D. 9291, 2006-2 C.B. at 889, states that the "regulations recognize the importance of a face-to-face meeting", it also states that "[t]he final regulations give [the Office of] Appeals the flexibility needed to respond to unanticipated circumstances" and "[f]urther guidance on granting face-to-face conferences will be provided in the Internal Revenue Manual." See sec. 301.6320-1(d)(2), Proced. & Admin. Regs. We recognize that the IRM does not carry the force and effect of law, but we have generally held that there is no abuse of discretion in following the guidelines set forth in it. See Eichler v. Commissioner, 143 T.C. 30, 39 (2014).

Petitioners were provided an opportunity to have a telephone CDP hearing, which their representative was unavailable for and attempted to reschedule. Although petitioners' representative requested a face-to-face CDP hearing in

[*12] Houston to address collection alternatives because he has "an established relationship with the Houston office, and * * * [he] feel[s] * * * [he] can accomplish more for * * * [his] client[s] in person", he did not communicate with SO Rose or request a face-to-face hearing before the scheduled telephone CDP hearing.

Petitioners' representative contacted Ms. Sherman, not SO Rose, despite the fact that SO Rose's letter explicitly provided her contact information in case petitioners had any questions or concerns regarding their CDP hearing. SO Rose also warned petitioners: "If you do not wish to participate in a conference or respond to this letter, the determination or decision letter that we issue will be based on your CDP request, any information you previously provided to this office, and any information * * * [the IRS has] on file regarding applicable tax period(s)."

On several occasions after the date of the initially scheduled telephone CDP hearing, SO Rose and Appeals Team Manager Fitzgerald advised petitioners' representative that petitioners did not qualify for a face-to-face hearing, but they offered petitioners an opportunity to reschedule the telephone CDP hearing. Despite SO Rose's offer, petitioners, through their representative, did not take advantage of her offer and again requested a face-to-face hearing.

[*13] SO Rose did not abuse her discretion by denying petitioners a face-to-face hearing. The preamble to the regulations states that a CDP hearing may be conducted face-to-face, but that is not required. See sec. 6330; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Moreover, SO Rose did not abuse her discretion by relying upon the IRM procedures prescribing when a face-to-face hearing shall be granted. A CDP hearing may be conducted by telephone, and petitioners did not participate in the initially offered telephone CDP hearing or take advantage of the opportunities that SO Rose provided them for a rescheduled telephone CDP hearing.

In addition SO Rose did not abuse her discretion by not agreeing to a collection alternative, i.e., an installment agreement, an offer-in-compromise, or currently not collectible status. See sec. 6330(c)(3). Petitioners did not initially provide SO Rose with any of the documentation she requested in order to consider collection alternatives. Although petitioners eventually provided a draft Form 433-A with some financial information, it was not signed.

SO Rose verified that the requirements of section 6330(c)(1) had been met and evaluated the issues petitioners raised (including their request for a face-to-face CDP hearing) even though they did not participate in a CDP hearing. She warned petitioners that if they did not participate that she would have to make a

**[\*14]** determination on the basis of the documentation in their file, including the draft Form 433-A and financial information. SO Rose and Appeals Team Manager Fitzgerald reviewed the provided documents.

After reviewing the documents in petitioners' file and considering petitioners nonparticipation in the CDP hearing, SO Rose could not consider collection alternatives. She determined that the proposed levy met the section 6330(c)(3) requirements, and she ultimately sustained the determination. See, e.g., Huntress v. Commissioner, 2009 WL 1883984, at \*5.

Accordingly, the Court concludes that there was no abuse of discretion in respondent's determination with regard to taxable year 2015, and respondent's motion for summary judgment will be granted in part and denied in part.

To reflect the foregoing,

An appropriate order and decision will be entered.